1  BRANCART & BRANCART
   Christopher Brancart (SBN 128475)
2  cbrancart@brancart.com
   Elizabeth Brancart (SBN 122092)
3  ebrancart@brancart.com
   Post Office Box 686
4  Pescadero, CA 94060
   Tel:   (650) 879-0141
5  Fax:   (650) 879-1103

6  Attorneys for Plaintiffs

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 **FAIR HOUSING COUNSIL OF**    )    **Case No. 1:12-CV-00794-AWI-GSA**
   **CENTRAL CALIFORNIA, INC.,**  )
   **ET AL.,**                    )    **JOINT SCHEDULING REPORT**
12                                )
            **Plaintiff(s),**     )
13                                )
                                  )
14          **vs.**               )    **Conference:**
                                  )    Date:     August 30, 2012
15                                )    Time:     9:30 a.m.
   **TYLAR PROPERTY**             )    Room:     GSA
16 **MANAGEMENT COMPANY,**        )
   **INC., ET AL.,**              )
17                                )    *Telephonic Appearance Requested*
            **Defendant(s).**     )
18                                )

19         Pursuant to Rule 16 of the Federal Rules of Civil Procedure, as modified by

20  the Court's order (Doc. 8), the parties hereby submit their joint scheduling report.

21         **1.    Summary of factual and legal contentions.**  This is a fair housing

22  case brought under the federal Fair Housing Act and related state laws, alleging

23  that defendants, the owners and operators of a Fresno property management

24  company, engaged in an extensive pattern or practice of sexual harassment of

25  female tenants and applicants.  Defendants deny all material allegations and raise

26  thirteen affirmative defenses.

27         **2.    Proposed Amendments.**  Plaintiffs reserve the right to amend the

28  complaint once the first round of discovery is completed in order to determine

1  whether additional parties or claims need to be added.  No amendments to the

2  pleadings are currently proposed.

3        **3.     Contested and uncontested facts.**

4              a.    Uncontested facts.

5                    1.     Plaintiff Tawana Pickett rented and occupied several

6                           dwellings in Fresno managed by defendants between

7                           1999 and August 2011.  Pickett rented 1235 South

8                           Winery Avenue, Apartment 133. Between January 1,

9                           2011 and August 2011, Pickett rented 535 West Santa

10                          Ana Avenue in Clovis.

11                   2.     Plaintiff Rene McCants rented and occupied several

12                          dwellings in Fresno managed by defendants at various

13                          times between 2005 and October 2011.  In May 2010,

14                          McCants fell behind on her rent. Defendant Evans asked

15                          for the rent money and told McCants that she would be

16                          evicted if she did not come up with the rent money.

17                   3.     A male former tenant made a complaint to Tylar and

18                          asked that somebody other than Mr. Evans be sent to

19                          collect his rent in the future.

20                   4.     In 2007, a former female tenant filed a complain with the

21                          Department of Fair Employment and Housing against

22                          Tylar and Wapner.  The case was settled by the DFEH.

23                   5.     Defendant Tylar Property Management Inc. is a

24                          California corporation that manages residential

25                          properties in Fresno County.

26                   6.     Defendant Melvin Joel Wapner is the president and

27                          owner of Tylar. He manages the affairs of the company

28                          from its headquarters located at 2350 West Shaw

1  Avenue, Suite 154, in Fresno.  At various times, Mr.
2  Wapner's duties have included supervision of Tylar's
3  operations, employees and agents, renting and
4  overseeing the rental and managing of rental dwellings,
5  and compliance with local, state, and federal regulations
6  and laws.
7      7.    Defendant David Evans is a property supervisor for
8  Tylar, acting under the direction and for the benefit of
9  Tylar and Mr. Wapner.  Mr. Evans's duties include
10  renting dwellings, collecting rental payments,
11  supervising rentals, and showing dwellings for rent.
12     b.   Contested facts.
13      1.    Whether defendants created a hostile living environment
14  for female tenants because of sex;
15      2.    Whether defendants imposed different terms, conditions,
16  or privileges, or denied or limited services or facilities in
17  connection with the rental of a dwelling, because of sex;
18      3.    Whether defendants made statements indicating a
19  limitation, preference or discrimination, or the intent to
20  discriminate, based on sex;
21      4.    Whether defendants coerced female prospective tenants
22  and tenants, either orally or in writing, or by other
23  means, to deny or limit the benefits provided those
24  persons in connection with the rental of a dwelling
25  because of sex;
26      5.    Whether defendants engaged in unwelcome sexual
27  advances, requests for sexual favors, and other verbal or
28  physical conduct of a sexual nature such that submission

-3-

1    to the conduct, either explicitly or implicitly, was made a

2    term or condition relating to the rental of a dwelling or

3    the provision of benefits or services in connection

4    therewith;

5    6.    Whether defendants engaged in unwelcome sexual

6    advances, requests for sexual favors, and other verbal or

7    physical conduct of a sexual nature such that the conduct

8    had the effect of creating an environment which a

9    reasonable person in the same position would consider

10   intimidating, hostile, offensive or otherwise making the

11   tenancy significantly less desirable, in connection with

12   the rental of a dwelling or the provision of benefits or

13   services in connection therewith;

14   7.    Whether defendants indicated through words or conduct

15   that a dwelling which is available for inspection or rental

16   is unavailable because of sex;

17   8.    Whether defendants threatened, intimidated, harassed, or

18   interfered with persons in their enjoyment of a dwelling

19   because of sex;

20   9.    Whether defendants retaliated against any person

21   because that person exercised her fair housing rights;

22   10.   Whether defendants made unavailable dwellings for

23   rents because of sex;

24   11.   Whether defendants aided and abetted the commission of

25   discriminatory housing practices by other persons,

26   including agents and employees;

27   12.   Whether plaintiffs are entitled to compensatory damages;

28   13.   Whether plaintiffs are entitled to punitive damages;

-4-

14. Whether plaintiffs are entitled to statutory damages; and,

15. Whether plaintiffs are entitled to equitable relief.

**4. Legal Issues.**

a. Undisputed legal issues.

1. Jurisdiction is proper under 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(b).

b. Disputed legal issues.

1. Whether defendants have injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

2. Whether defendants have injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, Govt Code §12926 et seq.

3. Whether, in acting as alleged in the complaint, defendants injured plaintiffs by engaging in a pattern or practice of unlawful conduct in the operation of rental properties in violation of the California Business and Professions Code § 17200.

4. Whether defendants injured plaintiff by want of ordinary care or skill in the management of their property, person, or agents in violation of California Civil Code § 1714.

5. Whether defendants injured the individual plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq., by discriminating based on gender in the operation of his rental properties.

6. Whether defendants injured individual plaintiffs by invading their private right occupancy and infringing

upon their right to the quiet use, enjoyment and possession of their dwelling in violation of Civil Code §§ 1927 and 1940.2.

7. Whether defendants injured plaintiff Tawana Pickett by unlawful entry or seeking unlawful entry of her dwelling in violation of Civil Code §§ 1940.2 and 1954.

8. Whether defendants injured the individual plaintiffs by intentionally intruding into their apartments in a manner and with a motive that would be highly offensive to a reasonable person.

9. Whether defendants injured the individual plaintiffs in violation of Ralph Act, California Civil Code § 51.7, by intimidation, including threat of harm to their persons or property, because of sex.

**5.    Status of all matters.**

a. Plaintiffs filed the complaint on May 14, 2012, and defendants answered on June 29, 2012.

b. Defendants anticipate filing a motion to dismiss the claims of plaintiffs Tawana Pickett and Rene McCants on the grounds that each plaintiff settled her claims and released defendants as part of that settlement.  Plaintiffs will oppose that motion.

c. Plaintiffs anticipate filing a motion to disqualify defense counsel for violation of the State Bar Act, California Rules of Professional Conduct, Rule 2-100 (Communication with a Represented Party).  Defendants will oppose that motion.

d. To facilitate the filing of each of these motions, the parties have stipulated (Doc. 15) to file under seal the settlement agreements that form, in part, the basis of those motions.

1        **6.**   **Discovery plan.**

2            a.     Discovery to date.

3                   1.     Plaintiffs have served a subpoena for documents upon

4                          law firm of Wanger Jones Helsley PC, seeking

5                          documents in support of their motion for disqualification

6                          and to oppose defendants' motion to dismiss.

7                          Defendants have objected to that subpoena and refused

8                          to produce any responsive documents.

9                   2.     Plaintiffs have served a request for production of

10                          documents on defendants and responses are pending.

11           b.     Discovery and disclosure plan.

12                   1.     The parties will exchange Rule 26 disclosures on

13                          September 18, 2012.

14                   2.     Each side anticipates propounding an initial round of

15                          written discovery, followed by depositions.  Each side

16                          anticipates deposing each party and certain third-party

17                          witnesses.

18                   3.     A proposed deadline for completing discovery is set

19                          forth below as part of the joint litigation schedule.

20                   4.     Neither side requests modification of the limitations

21                          imposed on discovery, except that expert witness

22                          depositions, if any, will not be counted against the ten

23                          deposition limit set forth in Rule 30 of the Federal Rules

24                          of Civil Procedure.

25   ///

26   ///

27   ///

28

**7.     Proposed Litigation schedule.**

| Task | Deadline |
|---|---|
| Exchange initial disclosures | September 18, 2012 |
| Mid-discovery status report and conference | November 28, 2012 |
| Disclose any case-in-chief expert witnesses | December 18, 2012 |
| Disclose any rebuttal experts | January 22, 2013 |
| Discovery cutoff for all purposes | February 19, 2013 |
| Filing dispositive motions | March 12, 2013 |
| Pre-trial conference | April 30, 2013 |
| Trial date | June 11, 2013 |

**8.     Settlement.**  The parties request that this action be referred to Magistrate Judge Beck for an early settlement conference.

**9.     Jury statement.**  This is not a jury case.

**10.     Estimate of number of trial days required.**  Five.

**11.     Bifurcation.**  None requested.

**12.     Related matters.**   There is a dispute between the parties regarding the effect and validity of the settlement agreements executed by plaintiffs Rene McCants and Tawana Pickett, which are presently the subject of a request to seal. On the one hand, defendants maintain that these settlement agreement resolve this action as to plaintiffs Rene McCants and Twana Pickett, a claim plaintiffs dispute. On the other hand, plaintiffs maintain that each of these settlement agreements is voidable because they are the product of improper ex parte contacts with a represented party, a charge defendants deny.

**13.     Confidentiality agreement and protective order.**  The parties have agreed that all financial and personal information disclosed in discovery shall be treated as confidential information and subject to a protective order.

//

**14. Electronically stored information.**

    a.    The parties shall preserve the following Electronically Stored Information (ESI):  electronic communication and transaction information, such as e-mail messages, instant messaging dialogs, and conference call transcripts; electronically created and stored business documents, such as word processing documents, spreadsheets, and personal and shared calendars; computer databases, including any technical, scientific, financial and human resources databases; and system and other internal information or "metadata."

    b.    Notwithstanding the above paragraph, and excepting the ESI and documents responsive to discovery specifically seeking such information, including plaintiffs' subpoena to Wanger Jones Helsley PC served July 17, 2012, the parties need not preserve the following:

        (1)  Voice mail messages; instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging; electronic mail or "pinto prin" messages sent to or from a Personal Digital Assistant (e.g. BlackBerry Handheld) provided that a copy of such mail is routinely saved elsewhere; other electronic data stored on a Personal Digital Assistant, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere; logs of calls made from cellular phones; temporary or cache files, including internet history, web browser cache and cookie files, wherever located; and server, system or network logs.  The parties shall have no obligation, in response to

general discovery requests, to search for, produce, or create privilege logs for ESI covered under this paragraph.

(b) Documents, including any electronically-stored draft documents, and e-mail messages that are created by and exchanged solely: between or among attorneys or staff of attorneys for the plaintiffs and between or among attorneys or staff of attorneys representing the defendants. Those communications need not be preserved for purposes of this litigation, nor must a privilege log be produced for such documents <u>in response to general discovery requests.</u>

c. The preservation of ESI shall not operate as a waiver of privilege, if any, or a concession by any party that such information is not privileged.

**15. Other matters.**

a. The parties agreement that service of documents may be effected by email or FedEx.

b. The parties agree that documents will be produced in pdf format with appropriate bates numbers assigned to each page.

c. The parties acknowledge their duties to provide a privilege log under Rule 26(b)(5) of the Federal Rules of Civil Procedure in connection with documents withheld under a claim of privilege or work product.

//
//
//
//

1          d.    The parties acknowledge their duty to supplement under Rule

2          26(e) of the Federal Rules of Civil Procedure.

3   Dated: August 27, 2012.

4                  Respectfully submitted,

5                  BRANCART & BRANCART

6

7                  */s/ Christopher Brancart*
                        Christopher Brancart

8                  cbrancart@brancart.com
                        Attorneys for Plaintiffs

9

10                 WANGER JONES HELSLEY PC

11                 */s/ Michael S. Helsley*
                        Mr. Michael S. Helsley

12                 Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2       On August 27, 2012, I served by electronically, via the Court's ECF system,

3   a copy of the attached document, **JOINT SCHEDULING REPORT**, upon the

4   following attorneys:

5

6   Mr. Scott D. Laird

7   slaird@wjhattorneys.com
    Mr. Michael S. Helsley

8   mhelsley@wjhattorneys.com
    Wanger, Jones, Helsley PC

9   265 E. River Park Circle, Suite 310
    Post Office Box 28340

10  Fresno, CA 93720

11  Fax:  (559) 233-9330

12
        Executed on August 27, 2012, at Loma Mar, California.
13
                    _/s/ Christopher Brancart_____
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28