1  **WANGER JONES HELSLEY PC**
   265 E. River Park Circle, Suite 310
2  Post Office Box 28340
   Fresno, California  93729
3  Telephone:  (559) 233-4800
   Facsimile:  (559) 233-9330
4
   Michael S. Helsley # 199103
5  Scott D. Laird #190122

6  Attorneys for:     Defendants, Tylar Property Management Company, Inc., Melvin Joel
                      Wapner and David Evans
7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10
   FAIR HOUSING COUNCIL OF              Case No. 1:12-CV-00794-AWI-GSA
11 CENTRAL CALIFORNIA, INC.; RENE
   McCANTS, and TAWANA PICKETT,         **STIPULATION FOR PROTECTIVE**
12                                       **ORDER AND ORDER THEREON**
                Plaintiffs,
13
          v.
14
   TYLAR PROPERTY MANAGEMENT
15 COMPANY, INC.; MELVIN JOEL
   WAPNER and DAVID EVANS,
16
                Defendants.
17

18

19         Defendants, Tylar Property Management Company, Inc. ("Tylar"), Melvin Joel

20 Wapner and David Evans (collectively "Defendants"), and Plaintiffs, Fair Housing Council of

21 Central California, Inc., Tawana Pickett and Rene McCants (collectively "Plaintiffs"), by and

22 through their respective attorneys hereby agree as follows:

23         **WHEREAS**, Plaintiffs and Defendants shall be referred to collectively herein

24 as the "Parties";

25         **WHEREAS**, Plaintiffs have commenced the above-captioned action against

26

27 Defendants alleging violations of The Fair Housing Act, The California Fair Employment and

28 Housing Act, The California Unruh Civil Rights Act, and the California Ralph Act; Unfair

Business Practices; Negligence; Breach of the Covenant of Quiet Use and Enjoyment; Unlawful Entry; and Invasion of Privacy;

**WHEREAS**, discovery has commenced in the above-captioned action and, in connection with such discovery, the Parties may seek documents and other information which the Parties consider to be privileged, confidential or proprietary information or information involving third party rights of privacy;

**WHEREAS**, the Parties wish to protect their confidential information from unauthorized and/or unnecessary disclosure;

**WHEREAS**, the Parties also wish to prevent the possibility of any misuse or unnecessary disclosure of the information sought regardless of the existence of any privacy right and/or confidentiality.

**IT IS THEREFORE STIPULATED**, pending further order of the Court, that the following procedures designed to ensure the protection of confidential and other information shall govern all forthcoming pre-trial discovery proceedings:

1.     For the purposes of this Stipulated Protective Order, "DOCUMENTS" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

2.     The parties in this action have the right to designate as "CONFIDENTIAL" any documents in this action which either Party believes in good faith contain nonpublic and sensitive personal information of individual persons, privileged information, trade secrets, confidential research, developments, commercial financial information and/or any other proprietary, confidential, or competitively sensitive business information ("CONFIDENTIAL INFORMATION").

3.     CONFIDENTIAL INFORMATION shall not be disclosed by the parties or their counsel to anyone other than the Court and its officers, counsel and their agents and employees, and the parties.  Counsel may also disclose CONFIDENTIAL INFORMATION to qualified third-parties employed or retained to assist in the prosecution, defense, or settlement of this action, such as investigators, expert witnesses and technical advisers.  Anyone (other than the Court and its personnel) who is allowed to receive CONFIDENTIAL INFORMATION shall be provided with a copy of this Stipulated Protective Order and shall sign a Non-Disclosure Agreement in the form set forth in Exhibit 1 hereto or in a substantially similar form before such disclosure is made.

4.     If a party wishes to challenge the designation of a document or portion of a document as "CONFIDENTIAL" the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute pursuant to Local Rule 251.  Any motion challenging a confidential designation must be filed in compliance with Local Rule 251.  The party seeking confidentiality has the burden of establishing that protection is warranted under Fed. R. Civ. P. 26(c).

5.     Nothing in this Stipulated Protective Order shall be construed to impose affirmative obligations on the Court or court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged under seal.

6.     In accordance with the Local Rules, if any papers to be filed with the Court contain information and/or documents that have been designated as CONFIDENTIAL the proposed filing shall be accompanied by a request to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal pursuant to Local Rule 141 and the application shall be directed to the judge to whom the

papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

7.      Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving information designated as CONFIDENTIAL will be raised, shall so advise the Court.

8.      Nothing in this Stipulated Protective Order shall affect the admissibility of any information designated as CONFIDENTIAL in this action.  By producing the confidential documents, producing parties do not waive any objection to the confidential documents' admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

9.      Within 30 days after termination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either:

(a)     assemble and return all documents designated as CONFIDENTIAL, including all copies thereof, to the producing party and certify in writing that all such material has been returned, or

(b)     certify in writing that all such material has been destroyed.

10.     Nothing in this Stipulated Protective Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action.  The execution of the Stipulated Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation, from modifying or expanding this Stipulated Protective Order as needed or from objecting to discovery that it believes to be improper.  This Stipulated Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the Court.

11.     This Stipulated Protective Order shall survive the final termination of this action.  The Court shall retain jurisdiction to enforce this Stipulated Protective Order for six months after the final termination to resolve any dispute concerning the use of information designated as CONFIDENTIAL.

12.     The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

13.     Nothing contained in this Stipulated Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

DATED:  November 8, 2012                    BRANCART & BRANCART


                                            By:____/s/ Elizabeth Brancart_____
                                                Elizabeth Brancart,
                                                Attorneys for Plaintiffs Fair Housing Council
                                                of Central California, Inc.; Rene McCants, and
                                                Tawana Pickett


DATED:  November 8, 2012                    WANGER JONES HELSLEY PC


                                            By:____/s/  Michael S. Helsley_____
                                                Michael S. Helsley,
                                                 Scott D. Laird, Attorneys for Defendants
                                                Tylar Property Management Company, Inc.,
                                                Melvin Joel Wapner and David Evans

1

## ORDER

2        **GOOD CAUSE APPEARING**, and based upon the stipulation of counsel, it is

3   hereby ordered that the above Stipulated Protective Order is hereby approved by the Court.

4

5

6

7   IT IS SO ORDERED.

8

9   Dated:   **November 9, 2012**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28