# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA INC.; RENE McCANTS, and TAWANA PICKETT,<br><br>    Plaintiffs,<br>  v.<br><br>TYLAR PROPERTY MANAGEMENT COMPANY, INC; MELVIN JOEL WAPNER; AND DAVID EVANS,<br><br>    Defendants. | 12-cv-794 AWI-GSA<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT<br><br>(Document 30) |

## INTRODUCTION

On October 2, 2012, Plaintiffs, Fair Housing Council of Central California Inc., Rene McCants, and Tawana Pickett, ("Plaintiffs") filed a Motion for Leave to File A Supplemental Complaint adding claims for Rescission. On November 13, 2012, Defendants Tylar Management Company Inc., Melvin Joel Wapner, and David Evans filed a non-opposition to the motion. In light of the filing of the non-opposition, the court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(c). Having considered all written materials submitted, Plaintiff's motion is GRANTED. The hearing scheduled for November 30, 2012, at 9:30 is VACATED.

## DISCUSSION

Supplemental pleadings can be filed only with leave of the Court on just terms and may be permitted in order to set out any transaction, occurrence, or event that happened after the date

of the initial pleading.  Fed. R. Civ. P. 15(d); <u>Eid v. Alaska Airlines, Inc.</u>, 621 F. 3d 858 (9th Cir. 2010).  Moreover, the Court may order that the opposing party plead to the supplemental pleading within a specified time. Fed. R. Civ. P. 15(d).  Resolution of motions to file supplemental pleadings are a matter of the trial court's discretion.  <u>Keith v. Volpe</u>, 858 F. 2d 467, 273 (9th Cir. 1988).  The rule is a tool of judicial economy and its use is favored.  <u>Id</u>.

Here, Plaintiffs seek to add new allegations and causes of action relating to events occurring after the filing the complaint.  Specifically, Plaintiffs assert a new cause of action for rescission of settlement agreements based on Defendants alleged improper conduct during the course of securing of securing these agreements.  Given these facts, the Court finds that the filing of the supplemental pleading is just.  Moreover, Defendants have filed a non-opposition to the motion.

**CONCLUSION**

Accordingly, the following IS HEREBY ORDERED:

1) The Supplemental Complaint is deemed filed as of the date of this order;

2) The Clerk of the Court shall file the Supplemental Complaint as a separate entry in the docket for purposes of clarifying the record (Doc. 30-2); and

3) Defendants' Answers are due 21 days after the date of this order.

IT IS SO ORDERED.

Dated:   **November 27, 2012**              /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE