1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10
11  FAIR HOUSING COUNCIL OF          )     Case No. 1:12-cv-00794-AWI-GSA
    CENTRAL CALIFORNIA, INC.;        )
    et al.,                          )
12                                   )
                Plaintiffs,          )
13                                   )
          vs.                        )     ORDER RE RESOLUTION OF
14                                   )     MOTION TO COMPEL
                                     )
15  TYLAR PROPERTY                   )
    MANAGEMENT COMPANY,              )
16  INC.; et al.,                    )
                                     )
17              Defendants.          )     (DOC. 72)
                                     )
18  _____ )

19          Based on the stipulation of the parties and good cause appearing therefor:

20      1.    The hearing on plaintiffs' motion to compel (Doc. 72) scheduled for

21            April 19, 2013, is taken off calendar.

22      2.    Defendants will provide the following discovery sought by plaintiffs:

23            **a) <u>Yardi data</u> - "A complete set of data maintained or stored in**

24  **defendant Tylar's Yardi database in a machine readable format, accessible by**

25  **an MS program, as requested in FHCCC production request 1-2."**

26          In addition to the information and documentation already provided,

27  Defendants will make their Yardi system available to plaintiffs' information

28  technology specialist at a reasonable and mutually convenient time and place to

1   enable plaintiffs to obtain the Yardi data they seek.  Plaintiffs previously agreed
2   that they would not systematically contact current owners of Tylar Property
3   Management based on their status as current owners; instead plaintiffs reserved
4   the right to contact current owners whom they had reason to believe may have
5   knowledge of alleged discriminatory conduct.  Plaintiffs continue to agree to abide
6   by this promise, and hereby further agree not to disseminate any information
7   related to current owners which may be obtained from their review of the Yardi
8   system.  Nothing in this provision will be used by defendants to limit the scope of
9   the Yardi production.

10       **b) <u>Documents re witnesses</u> - "A complete copy of documents or**
11  **things, including ESI, regarding each of the persons identified as a witness by**
12  **plaintiffs, as requested in FHCCC production request 20."**

13       Defendants have produced tenant files and tenant ledgers of tenant
14  witnesses identified by plaintiffs and will supplement their production as those
15  files become available.  Yardi data concerning those tenant witnesses will be made
16  available to plaintiffs as agreed above.  Defendants will reproduce a complete
17  copy of the tenant file of Sheryl Linthicum Smith.

18       With respect to the persons identified as Tylar "employees" in plaintiffs'
19  witness disclosures (the most recent being Plaintiffs' Seventh Supplemental
20  Disclosure served March 26, 2013), defendants will produce a copy of the
21  employee's personnel file, including any sexual harassment complaints made by
22  that employee.  If no personnel file exists, defendants will so state in writing.

23       With respect to the persons identified as Tylar "owners" in plaintiffs'
24  witness disclosures (the most recent being Plaintiffs' Seventh Supplemental
25  Disclosure served March 26, 2013), defendants will produce a copy of the file they
26  maintain regarding that owner and his or her properties.  If no such file exists,
27  defendants will so state in writing.  Yardi data concerning those witnesses and his
28  or her properties will be made available to plaintiffs as agreed above.

1    **c) Evans cell phone data - "A complete copy of all data**

2    **maintained or stored in defendant David Evan's cell phone, identified**

3    **in deposition, including all text messages, photographs, and video to,**

4    **from, about or reflecting any female tenant who rented a dwelling**

5    **managed by defendant Tylar Property Management, as requested in**

6    **FHCCC production request 1-2 and in McCants production requests 1-**

7    **6," and "If needed, the production of defendant David Evan's cell**

8    **phone, identified in deposition, for inspection by a person qualified to**

9    **examine the data storage medium for the recovery of data."**

10    Defendants will make David Evans' cell phone available to plaintiffs'

11    information technology specialist at a reasonable and mutually convenient time

12    and place to allow him or her to examine the phone to determine if data older than

13    that already recovered by defendants may be obtained from the phone.

14    **d)  Net worth - "A complete copy of documents reflecting**

15    **defendants' financial condition and net worth, as requested in FHCCC**

16    **production requests 15-17," and "A complete answer regarding each**

17    **defendant's net worth, as requested in FHCCC interrogatories 5, 22, and 35."**

18    In response to interrogatories 5, 22 and 35, defendants will provide a

19    statement of the current net worth of each defendant, listing all assets and

20    liabilities in excess of $5,000 in value.

21    In response to document requests 15-17, and to the extent not previously

22    produced, defendants will produce the net worth documents sought by plaintiffs,

23    but only for the period since January 1, 2010.

24    Defendants will produce the net worth discovery by April 26, 2013.

25    //

26    //

27    //

28    //

1    The parties further agree that all of the above discovery is subject to the

2 protective order approved by the Court on November 9, 2012 (Doc. 53.)

3

4 IT IS SO ORDERED.

5

6    **Dated:**   **April 15, 2013**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28