# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, INC.; RENE McCANTS; and TAWANA PICKETT,<br><br>Plaintiffs,<br><br>v.<br><br>TYLAR PROPERTY MANAGEMENT COMPANY, INC.; MELVIN JOEL WAPNER; and DAVID EVANS,<br><br>Defendant. | 12-cv-794 AWI GSA<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN FIRST AMENDED SUPPLEMENTAL COMPLAINT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER IN PART<br><br>(Documents 70 and 71) |

**I.  Introduction**

On March 15, 2013, Plaintiffs, Fair Housing Council of Central California Inc., Rene McCants, and Tawana Pickett (collectively, "Plaintiffs") filed a Motion for Leave to File a First Amended Supplemental Complaint ("FASC"). (Doc. 70).  In the FASC, Plaintiffs seek to add one additional Plaintiff, Ms. Sheryl Linthicum, to the complaint, as well as remove the rescission cause of action alleged by Tawana Pickett against Defendant, David Evans.  On that same day, Plaintiffs also filed a Motion to Amend the Scheduling Order. (Doc. 71).  On March 29, 2013, Defendants Tylar Property Management Company, Inc., Melvin Joel Wapner, and David Evans (collectively, "Defendants") filed oppositions to both motions. (Doc. 73).   Plaintiffs filed replies to Defendants' oppositions on April 12, 2013. (Docs. 80 and 81).

A hearing was scheduled for April 19, 2013, at 9:30 a.m.  The court vacated this hearing

1

and took the matter under submission. The court has reviewed all of the pleadings and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g).  Having considered all written materials submitted, Plaintiffs' Motion to File an Amended Supplemental Complaint is GRANTED.  Plaintiffs' Motion to Amend the Scheduling order is GRANTED IN PART.

**II.     Relevant Background**

This is a housing discrimination case in which Plaintiffs allege that Defendants engaged in a pattern of sexual harassment of low-income female tenants at rental properties located in Fresno, California.  Defendant Mel Wapner owns and operates Tylar Property Management and Defendant David Evans is the property supervisor.  Plaintiffs filed their initial Complaint on May 14, 2012, alleging violations of the Fair Housing Act, the California Fair Employment and Housing Act, the California Unruh Civil Rights Act, the California Ralph Act, as well as Unfair Business Practices, Negligence, Covenant of Quiet Use and Enjoyment, Unlawful Entry, and Invasion of Privacy as causes of action.  (Doc. 1).

After the filing of Plaintiffs' complaint, Plaintiffs Tawana Pickett and Renee McCants signed settlement agreements purportedly releasing their claims against all three Defendants in exchange for the payment of money. (Doc. 21).  On October 2, 2012, Defendants filed a Motion to Enforce the Settlement Agreements and a Motion to  Dismiss the action. (Docs. 24-29). Plaintiffs challenged the validity of these agreements because Plaintiffs' counsel were not involved in the negotiation process.  That same day, Plaintiffs sought leave to file a supplemental complaint for rescission.  (Doc. 30).  On November 19, 2012, Judge Ishii denied Defendants' Motion to Enforce the Settlement Agreements. (Doc. 55).  Shortly thereafter on November 27, 2013, this Court granted Plaintiffs' request to file a supplemental complaint. (Doc. 56).

As a result of the above, the parties stipulated to an amendment of this Court's scheduling order.  On January 4, 2013, the Court issued an amended scheduling order. (Doc. 65).  The order set the deadlines as follows :

Expert disclosure : February 1, 2013
Supplemental Disclosure : March 1, 2013
Non-expert Discovery : April 1, 2013

Non-dispositive motions, April 12, 2013
Dispositive Motions : March 29, 2013
Pretrial Conference : May 30, 2013
Trial : July 23, 2013

### III.  Discussion

*Amending the Complaint*

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed.  Fed.R.Civ.P. 15(a)(1); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed.  Fed.R.Civ.P. 15(a)(2).  Here, Defendant filed a responsive pleading to Plaintiffs' pleading. (Doc. 62).

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."
> Foman v. Davis, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has identified four factors to examine when evaluating whether leave to amend a complaint should be given including : (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). However, not all factors merit equal weight. Eminence Capital, LLC, v. Aspeon, 316 F. 3d at 1052.  It is the consideration of prejudice that carries the greatest weight.  *Id*. Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. Id.

Here, Plaintiffs' counsel seek to add Ms. Linthicum Smith as an additional Plaintiff because they only recently realized that she had a claim.  Specifically, they argue that Ms. Linthicum Smith was identified in December 2012 after Defendants produced documents listing

3

former and current tenants. That disclosure described Mr. Linthicum Smith as having knowledge of Defendants' alleged sexual harassment. Plaintiffs counsel was able to meet Ms. Linthicum Smith in early March to discuss her claims and brought the motion to amend that week.

        Defendants oppose the amendment on the basis that Plaintiff's motion is motivated by dilatory tactics with an intent to harass them. In particular, they contend Plaintiffs waited until March to complete discovery and investigate the Ms. Linthicum's claims despite knowing about her since December 2012. Defendants further argue that the instant motion is a disguised attempt to amend the scheduling order so that Plaintiffs may complete additional discovery. Defendants note that since March 12, 2013, Plaintiffs have issued twelve third-party subpoenas and attempted to notice eight depositions all in a desperate attempt to prepare Plaintiffs' case for trial. Finally, Defendants argue any amendment to the complaint or the scheduling order will be prejudicial since they have diligently abided by all of the deadlines in the scheduling order, and any delay will violate their right to a speedy trial.

        *Undue Delay and Bad Faith*

        Although Defendants argue that Plaintiffs have not diligently prosecuted this action, the procedural history reveals otherwise. In fact, both parties have contributed to the delays in this matter. In particular, Plaintiffs served discovery requests on Defendant in September 2012. (Doc. 23). Plaintiffs filed two Motions to Compel on September 27, 2012. (Docs. 22 and 23). On October 2, 2012, Defendants filed a Motion to Enforce the Settlement Agreements. (Docs. 24-29). This Court held a hearing on Plaintiffs' Motion to Compel on October 19, 2012, and the parties resolved the discovery dispute on that day. Defendants' Motions to Enforce the Settlement agreements were not decided by Judge Ishii until late November.

        After the Court's ruling on the motion, Defendants produced discovery including information from their Yardi database in early December listing hundreds of names of Tylar's tenants from 2008 until the present. *See*, Declaration of Christopher Brancart dated March 15, 2013 at ¶ 5. (Doc. 80 at pg. 12, ¶ 5). However, Defendant was still propounding some discovery at the end of January and March 2013 with regard to Ms. Linthicum Smith's claims. *Id*. at ¶¶ 6 and 10. It appears that the Defendants were not releasing information Plaintiffs requested in

4

discovery as evidenced by the fact that Plaintiffs filed another Motion to Compel on March 28, 2013. (Doc. 72). These discovery disputes were recently resolved via a stipulation of the parties. *Id*. at ¶ 6; (Docs. 79 and 82). Moreover, Plaintiffs' investigation of Ms. Linithicum's claims is still ongoing as Defendants have agreed to produce Ms. Linthicum Smith's complete file. (Doc. 82 at pg. 2).

Given the above, the Court is not persuaded by Defendants arguments that the recently served third party subpoenas are evidence of Plaintiff's' ill-intentioned motives. While Plaintiffs have served additional discovery requests, it appears that many of these subpoenas were served in response to information obtained from Defendants during their depositions in early March. Similarly, the deposition notices appear to be related to information that Defendant did not disclose until late March. *See*, Declaration of Christopher Brancart dated March 15, 2013 at ¶¶ 11 and 12. (Doc. 80 at pgs. 14 and 15). Accordingly, Plaintiffs have presented sufficient evidence that they were diligent with regard to their investigation of Ms. Linthicum Smith's claims and there was no undue delay or bad faith on their behalf.

*Prejudice and Futility of Amendment*

Defendant next argues that amendment of the complaint will prejudice them because it will require the re-opening of discovery, extensions of time, review of work already completed, and a continuance of the trial. They assert that the proposed amendments do not allow them enough time to prepare for trial. Furthermore, the proposed trial date conflicts with another scheduled trial.

The Court is not persuaded by these arguments as the parties can stipulate to dates that are amenable to both sides. While Defendants would prefer to keep the current schedule, the complaint in this case was filed in May 2012. A further delay of a few months will be minimally prejudicial to Defendants, especially if mutually convenient dates can be agreed upon.

Finally, the proposed amendments are not futile. Ms. Linthicum Smith's claim is not barred by the statute of limitations. In fact, it will be more efficient for the parties to address all related issues in one case. The other amendment Plaintiffs seek is the removal of the rescission claim with regard to Tawana Pickett which is beneficial to Defendants.

*Amending the Scheduling Order*

Amending a scheduling order Fed.R.Civ.P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." A modification of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Scheduling orders "are at the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir.1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992).  As such, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Id. at 610.

"The schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607 (9th Cir. 1992)). In Johnson v. Mammoth Recreations Inc., the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.
> Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609.

Given the above, Plaintiffs have been diligent in their prosecution of this case and good cause to amend the scheduling order exists. Because Defendants have objected to the dates proposed by Plaintiff, the parties shall submit proposed dates to the Court for discovery deadlines, non-dispositive motion filing deadlines, dispositive motion filing deadlines, a pretrial conference, and a new trial date. Because additional discovery has recently been propounded by Defendants that relate to all Plaintiffs, Defendants' request to limit additional discovery to Ms. Linthicum Smith's claims are denied. When devising a new schedule, the parties are advised that Judge Ishii requires sixty days between the filing of dispositve motions, the pre-trial conference, and the trial date. Pre-trial conferences are held on Wednesday through Friday at 8:30 a.m. and trials

begin on Tuesdays at 8:30 a.m.  Furthermore, this Court will not approve a schedule that continues this case more than three months.  Finally, the parties are advised that future attempts to amend the scheduling order once these modifications have been adopted by the Court will be looked upon with disfavor.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File a First Amended Supplemental Complaint is GRANTED.  The Clerk of the Court is directed to file Plaintiff's First Amended Supplemental Complaint as a separate docket entry. (Doc. 70-2).  The amended pleaded will be deemed filed as of the date of this order.

Plaintiffs' Motion to Amend the Scheduling Order is GRANTED IN PART consistent with the instructions contained in this order.  The parties are directed to meet and confer and submit proposed dates and a proposed amended scheduling order no later than **Friday, April 26, 2013.**

It appears that this case may be ripe for settlement.  The parties are reminded that they may contact Amanda Martinez, Courtroom Deputy to arrange a date for a settlement conference.

IT IS SO ORDERED.

Dated:   **April 22, 2013**                         /s/ **Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE